UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

 Plaintiff,

           No. C 09-0674 PJH

           **ORDER GRANTING PLAINTIFF'S MOTION FOR STAY AND VACATING HEARING DATE**

 v.

APPROXIMATELY $69,577 IN UNITED STATES CURRENCY; APPROXIMATELY $7,150 IN UNITED STATES CURRENCY,

 Defendant.

_____/

  The United States seeks a stay of this civil forfeiture action pursuant to 18 U.S.C. § 981(g)(1). A hearing on the motion is currently scheduled for May 27, 2009. Pursuant to Civil Local Rule 7-1(b), the court determines that the motion is suitable for resolution without oral argument and VACATES the hearing. The case management conference scheduled for June 4, 2009 is also VACATED.

  For the reasons set forth below, the court GRANTS plaintiff's motion to stay, and ORDERS the United States to file status reports every 90 days detailing the continued need for a stay in this case.

**BACKGROUND**

  The United States brought this civil forfeiture action under 21 U.S.C. § 881(a)(6) against defendants United States Currency, $69,577 and $7,150. Claimants Salyna Vo ("Salyna") and Ngoc Vo ("Ngoc") are the wife and mother-in-law, respectively, of Quang Truong, one of nineteen defendants charged in United States v. Chaiyasith, CR 08-0461 PJH, a drug conspiracy case. On July 15, 2008, Truong was indicted

1  and charged with conspiracy with intent to distribute MDMA, also known as ecstasy,
2  and with conspiracy with intent to distribute 100 or more marijuana plants. Truong was
3  also charged with distribution of ecstasy, along with defendants Eric Chong and Loung
4  Chong, on May 26-27, 2008.  The indictment also includes a criminal forfeiture
5  allegation as to Truong.
6       On May 28, 2008, one day after the events alleged in the criminal indictment,
7  agents executing a search warrant recovered the $7,150 from Truong and his wife
8  Salyna's bedroom in their Oakland residence.  Agents also discovered a key to a safe
9  deposit box in a purse found inside Truong and Salyna's closet.  Salyna told officers
10 that the key opened a safe deposit box at a bank in Oakland, which belonged to her
11 mother.  On July 16, 2008, the agents subsequently obtained and executed a search
12 warrant for the safe deposit box, and discovered the $69,577, two men's Rolex
13 watches, and identification documents for Quang Truong, Salyna, her mother and co-
14 claimant, Ngoc, and Salyna and Truong's children.  Of the $69,577, $12,200 consisted
15 of $100 bills and was bundled with rubber bands and in an envelope with Truong's
16 name and address on it.  The remaining $57,377 also consisted primarily of $100 bills,
17 and was similarly bundled with rubber bands.
18      On April 2, 2009, this court found that the instant civil forfeiture case was related
19 to CR 08-0461 PJH pursuant to Crim. L.R. 8-1(b), and the case was subsequently
20 reassigned to the undersigned judge.

**DISCUSSION**

**A.  Legal Standard**

The controlling statute 18 U.S.C. § 981(g)(1) provides that:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

The terms "related criminal case" and "related criminal investigation," are defined as:

> an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In

> determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4).

**B.   Government's Motion**

The government asserts that it seeks to stay the civil forfeiture proceedings because to allow claimants to go forward with civil discovery will prejudice its ability to prosecute the related criminal case. It notes that the court has already related the two cases, and argues that because the civil forfeiture case involves the same alleged drug transactions, the same participants, and the same discovery, Truong would receive early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding. In support, the government cites a number of district court decisions.

In opposition, claimants Salyna and Ngoc argue that the government has not made a sufficient showing for a stay, and also suggest that a stay is premature since they have not propounded any discovery requests. They assert that the government merely "speculates with conclusory allegations and generalizations" regarding how discovery would impact the criminal case and/or investigation. Claimants do, however, admit that they intend to proceed with some discovery in the case; specifically, interrogatories and requests for production that will request evidence and information linking the seized funds to the criminal conspiracy.[1]  *See* Oppos. at 9. They assert that to the extent it exists, the government was already required to produce this type of evidence to defendant Truong in the criminal case. To the extent such evidence doesn't exist, then claimants argue that will further underscore their right to proceed to the summary judgment stage in this case.

---

[1] Claimants state that they don't anticipate that any depositions will be necessary at this time, though.

1  Claimants also suggest that they would be prejudiced by a stay because it is their
2 position that the funds involved, especially those discovered in the safe deposit box,
3 belong only to them and not to criminal defendant Truong.  They assert that very little
4 discovery is necessary to establish their ownership and dominion over the safe deposit
5 box.

6  Claimants also suggest that the government's request that the case be stayed
7 until "final resolution" of the criminal case is unwarranted. They argue that they will be
8 prejudiced if the government is allowed to delay the civil case by "years while the
9 criminal case develops."  Claimants contend that they have already been deprived of
10 their property for nearly a year, and should be afforded the opportunity to prove that
11 they are innocent owners.

12  In reply, the government reiterates that if discovery is allowed in the civil case
13 before the criminal trial has terminated, its ability to prosecute the criminal case will be
14 impaired, and the criminal defendants' Fifth Amendment rights will be violated.  It
15 argues that a stay is appropriate based on *anticipated* discovery and that it is not
16 necessary that discovery has already been propounded.

17  The government asserts that a comparison of the complaint to the indictment
18 demonstrates the overlapping nature of the facts in both cases.  Specifically, the
19 government points to the following overlapping facts and circumstances: (1) Truong's
20 sale of approximately 538,000 ecstasy pills between February 18-May 17, 2008; (2)
21 Truong's sale of 10,000 ecstasy pills on May 26, 2008; (3) the fact that the same
22 alleged drug transactions provide the bases for criminal forfeiture as to Truong in the
23 indictment.

24  The government argues that if the civil case is allowed to proceed, discovery will
25 be necessary to prosecute it.  It notes that in addition to Truong, it may need to depose
26 other defendants in the criminal case, including Eric Chong and Loung Chong, and non-
27 defendants, Hong Chuong and Lisa Ham, who are likely witnesses in the criminal case.
28 It asserts that allowing depositions or discovery as to those witnesses before they testify

1  in the criminal case would allow Truong's family, the claimants in this case, to cross-
2  examine the witnesses, and potentially expose the government's trial strategy in the
3  criminal case.  The government argues that even though claimants assert that they
4  don't believe depositions are necessary at this stage, the threat is real.  It counters that
5  contrary to claimants' assertions otherwise, establishing ownership regarding the
6  contents of the safe deposit box will require a substantial amount of discovery.  The
7  government points to the fact that there was significant evidence that establishes that
8  the items in the box belonged to criminal defendant Truong.

9        The court finds that based on a comparison of the complaint and the indictment,
10 the civil forfeiture case is "related" to the criminal case, not only as defined by Crim. L.R.
11 8-1(b), but also pursuant to § 981(g)(4).  The underlying drug transactions and
12 witnesses in both proceedings are not only similar, but identical.  Given the evidence
13 already recovered from the safe deposit box, the court agrees that it will be no small
14 task for the claimants to establish that they are the sole owners of the currency;
15 accordingly, it is likely that discovery would need to take place in this case that would
16 overlap with the criminal prosecution.  The court thus finds that civil discovery,
17 regardless of whether depositions are conducted (although the court finds that they are
18 indeed likely), would adversely affect the ability of the government to conduct the
19 related investigation because it will subject the government's criminal investigation to
20 broader and earlier discovery than would occur in a criminal proceeding.  *See United*
21 *States v. Real Property and Improvements Located at 10 Table Bluff Road*, 2007 WL
22 911849 at *2 (N.D. Cal. 2007).

23       The court further finds that a stay is warranted even though claimants are not
24 defendants in the criminal case.  Claimants are family members of the defendant, and
25 even if there is not an "identity" of parties in both actions, there is an identity of interests.
26 *See United States v. Leasehold Interests in 118 Avenue D,* 754 F.Supp. 282, 289
27 (E.D.N.Y. 1990) (concluding that stay was appropriate even though the claimant was
28 not a defendant in the related criminal case); *McSurely v. McClellan*, 426 F.2d 664, 671-

72 (D.C. Cir. 1970) ("civil discovery may not be used to subvert limitations on discovery in criminal cases, by either the government or by private parties"). This identity of interest, along with the overlapping facts and circumstances, and the likely adverse impact on the criminal prosecution, warrant staying this case pursuant to §981(g)(1).

**CONCLUSION**

For the foregoing reasons and for good cause shown, the government's motion to stay this case is GRANTED pending resolution of the related criminal case. As that matter is also pending on the docket of the undersigned, no status reports are required. Claimants may request to have this matter revisited if Truong's case is resolved prior to resolution of the entirety of the related case.

**IT IS SO ORDERED.**

Dated: May 19, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge